IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FELICIA WATKINS | * | |
| | * | |
| v. | * | Civil No. JFM-06-2728 |
| | * | |
| FRANCIS J. HARVEY | * | |
| | ***** | |

MEMORANDUM

Plaintiff has brought this action for employment discrimination. Defendant has filed a motion to dismiss or for summary judgment. The motion will be treated as one for summary judgment and, as such, will be granted.

Plaintiff's claims are entirely without merit, and only a brief statement of the reasons for my ruling are necessary.

First, to the extent that plaintiff is asserting a free-standing claim based upon defendant's failure to issue her a performance evaluation in 2003, the claim is untimely. Plaintiff did not seek counseling in regard to that claim until July 2004, and plaintiff had suspected that her evaluation was being wrongfully delayed by late 2003. Under the applicable regulation, 29 C.F.R. §1614.105(a)(1), plaintiff was required to seek counseling within 45 days of the alleged adverse action, which she did not do. Moreover, the failure to provide a performance evaluation does not itself constitute an adverse employment action. Finally, insofar as plaintiff's claim regarding her non-receipt of a performance evaluation in 2003 is intertwined with her inability to apply and be selected for other positions, plaintiff has suffered no prejudice. The record establishes that if an employee does not receive a rating, it is automatically assumed by the decision-maker that the employee has received the highest rating; and, in any event, temporary employees such as plaintiff are not expected to receive performance evaluations.

Second, assuming that there is sufficient evidence in the record to give rise to a reasonable inference that plaintiff's supervisor manipulated the application process to preclude plaintiff from applying and being selected for two positions that became available during her tenure, the record establishes beyond doubt that any such alleged manipulation was entirely inconsequential and caused plaintiff no injury. The reason for this is simple since the applicants who ultimately were selected for the two positions in question had priority status and would have had to have been selected over plaintiff even if plaintiff had been permitted to apply.[1]

A separate order granting defendant's motion and entering judgment on its behalf is being entered herewith.


Date: June 19, 2007                     /s/_____
                                        J. Frederick Motz
                                        United States District Judge

---

[1] Plaintiff suggests that she is entitled to discovery on the issue of whether she would herself have been entitled to priority status because she is the spouse of a member of the military. However, the record shows that no evidence was presented to the appointing official that plaintiff was entitled to any such priority. Moreover, the record establishes that plaintiff was not entitled to any such priority because she indisputably was a temporary, not a permanent, employee.